**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles Michael RIVAS, Defendant-Appellant.**

**No. 72-3222**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 11, 1973.

G. Paul Shoop, Dallas, Tex. (Court Appointed), for defendant-appellant.

William S. Sessions, U. S. Atty., San Antonio, Tex., Edward S. Marquez, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

The defendant, Charles Michael Rivas, was charged on May 18, 1972, in a two count indictment as follows:

*Count I*

Knowingly and intentionally possessing with intent to distribute for remuneration approximately two pounds and five ounces of marijuana in violation of 21 U.S.C., § 841(a)(1).

*Count II*

Knowingly and intentionally possessing a quantity of marijuana in violation of 21 U.S.C., § 844(a).

On June 2, 1972, Rivas was arraigned on the first count, it being specifically stated in open court that the second count was to be dismissed. The defendant, represented by counsel, was thoroughly interrogated not only by the United States Attorney but, ultimately, by the Court. In addition, the defendant stated that his counsel had gone over his rights with him "in detail".

On September 29, almost four months after the arraignment, and a week before he was sentenced, represented by a different attorney, Rivas filed a motion to be allowed to withdraw his plea of guilty.

After a hearing on October 2, 1972, this motion was denied. Sentence was imposed October 5. Rivas now appeals

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

from the denial of his motion to withdraw the guilty plea.

We affirm the action of the District Court because our perusal of the record convinces us beyond peradventure of a doubt that Rivas at all times thoroughly understood his rights, was exhaustively informed as to his situation, and knew that what might have been an "included offense" in the first count was being dismissed as embodied in the second count.

This appellant has in no way been over-reached, misinformed, or uninformed either as to his rights prior to the entry of the plea or as to the alternatives he might have pursued.

The judgment of the District Court is Affirmed.